Dear Nancy:
I am in receipt of your opinion request wherein you seek an opinion concerning the Incentive Awards Program at Louisiana State University. It is my understanding that Chartwells, which is the corporation that handles food service operations at LSU, would like to make incentive awards to classified and unclassified employees at the University through the LSU Foundation. It is also my understanding that some of the food service employees are employed by Chartwells and other employees are LSU employees that are contracted through LSU to work at Chartwells.
Chartwells would like to make a cash or merchandise donation to the LSU Foundation to support the awards given to the food service employees. You have stated that the program will acknowledge two employees on a monthly basis from Cash-ops and Residence Dining. You have listed the prizes that will be awarded to the chosen candidates as follows:
 1) Picture in the newspaper 2) Framed certificate 3) Small reception where the Director will read a short biography of the employee 4) Employee of the month pin 5) Gift certificate worth $15 to $20 6) Eligible for Employee of the Year
The Commission granted your request subject to obtaining approval from the Ethics Commission and obtaining an opinion from the Attorney General favorable to the use of each award. You cite Attorney General Opinion No. 95-308 which was previously released from our office on a similar issue. In that opinion, our office discussed LSA-R.S. 42:1111A which sets forth the ethical standards for public servants concerning payment from non-public sources. It states the following:
 No public servant shall receive anything of economic value, other than compensation and benefits from the governmental entity to which he is duly entitled, for the performance of the duties and responsibilities of his office or position; however, supplementary compensation or benefits provided to an employee of a public higher education institution, board, or system from funds or property accruing to the benefit of the institution, board or system, as approved by the appropriate policy or management board, through an alumni organization recognized by the management board of a college or university within the state or through a foundation organized by the alumni or other supportive individuals of a college or university within the state the charter of which specifically provides that the purpose of the foundation is to aid said college or university in a philanthropic manner shall be deemed for purposes of this Subsection as compensation and benefits from the government to which he is duly entitled. (Emphasis added)
The Louisiana Board of Ethics released their advisory opinion concerning this matter on December 11, 1997. The Board concluded:
 ". . . that the Code would allow food service employees at LSU to receive awards from the LSU Foundation if such awards are approved by the LSU Board of Supervisors as required in Section 1111A of the Code. Further, no provision of the Code of Governmental Ethics would prohibit Chartwells from making donations to the Foundation for this purpose. The Board concluded that the Code places no dollar limits on such awards."
As you know, the Attorney General's role in issuing an opinion is to determine whether a violation of state law has or will occur under certain circumstances. In the present situation, the Ethics Commission through Maris McCrory has determined that the cash awards proposed by LSU would not be a violation of LSA-R 42:1111A of the Ethics Code. Since the facts set forth in your opinion request indicate that the requirements of Section A would be complied with, our office acquiesces with the Commissions' decision.
I hope this opinion sufficiently addresses your concerns. If I can be of further assistance, please let me know.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY:________________________________ BETH CONRAD LANGSTON ASSISTANT ATTORNEY GENERAL
RPI/BCL/sc